```
FILED by ___ D.C.
ELECTRONIC
April 24, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

**TERESA LOPEZ, an individual**           **09-21109-CIV-MORENO/TORRES**

    **Plaintiff(s),**
                                                             **Judge:**
    **v.**                                                       **Case No.:**

**EXPERIAN INFORMATION SOLUTIONS, INC.**
**TRANSUNION, LLC.**
**AMERICAN HONDA FINANCE CORPORATION**
**LITTON LOAN SERVICING, LP**
**GMAC MORTGAGE, LLC.**

    **Defendant(s),**
_____/

## COMPLAINT

    **Plaintiff, TERESA LOPEZ,** on behalf of herself, through the undersigned attorney, files this Complaint against **EXPERIAN INFORMATION SOLUTIONS, INC. (herein "EXPERIAN"), TRANSUNION, LLC (herein "TRANSUNION"), AMERICAN HONDA FINANCE CORPORATION (herein "AMERICAN HONDA FINANCE"), LITTON LOANS SERVICING, LP (herein "LITTON LOAN"), GMAC MORTGAGE, LLC. (herein "GMAC")** and states as follows:

### A. JURISDICTION

1. This is an action for damages brought by and individual consumer against the defendants for violations of the Fair Credit Reporting Act (herein the "FCRA") 15 U. S. C. § 1681 et seq., as amended and the Federal Debt Collections Practices Act 15 U.S.C. § 1692 et seq., as applicable.

2. Jurisdiction of this Court arises under 15 U. S. C. § 1681p, 28 U. S. C. § 1331, 1337 and 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. The Defendant **EXPERIAN** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EXPERIAN** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EXPERIAN** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4. The Defendant **TRANSUNION** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **TRANSUNION** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **TRANSUNION** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

5. The Defendant **AMERICAN HONDA FINANCE** is a business entity that regularly conducts business through out the State of Florida is a

citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

6. The Defendant **LITTON LOAN** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

7. The Defendant **GMAC** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

## B.  VENUE

8. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

    a. The violations of the FCRA/FDCPA alleged below occurred and/or were committed in **Miami Dade** County, Florida, in the Southern District of Florida;

    b. At all times material hereto, Defendants, were and continue to be corporations engaged in the business and/or activity of reporting under the FCRA/FDCPA in **Miami Dade** County, Florida and as such are citizens of the State of Florida.

9. Plaintiff, **TERESA LOPEZ,** (hereinafter "Plaintiff"), is an individual residing in the County of **Miami Dade,** State of

Florida, and is a "consumer" as that term is defined by 15 U. S. C. § 1681 et seq., as amended and 15 U.S.C. § 1692 et seq.

10. All Defendants are business entities which regularly conduct business through out most every state and county in the United States and as corporations that conduct business in the State of Florida, they are all citizens of the State of Florida.

## C. FACTS COMMON TO ALL COUNTS

11. Plaintiff is an individual consumer as defined by the FCRA §1681, et seq., as amended. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes, of which was obtained fraudulently without her permission or knowledge.

12. Plaintiff sent dispute letters to Defendants **EQUIFAX, EXPERIAN & TRANSUNION** including her personal identification, stating that these accounts did not belong to her.

13. Plaintiff stated that she had filed a police report as these are fraudulent accounts.

14. Plaintiff informed **EQUIFAX, EXPERIAN, & TRANSUNION** that the **AMERICAN HONDA FINANCE** account did not belong to her & were acquired through fraudulent means.

15. Plaintiff informed **EQUIFAX, EXPERIAN, & TRANSUNION** that the **LITTON LOANS** with account numbers **#15718851** and **#15816184** did not belong to her & were acquired through fraudulent means.

16. Plaintiff informed **EQUIFAX, EXPERIAN, & TRANSUNION** that the **GMAC** account did not belong to her & were acquired through fraudulent means.

17. Defendants **EQUIFAX, EXPERIAN & TRANSUNION** received this dispute letter and/or package on December 15, 2009 via certified mail, but failed to properly conduct a reasonable investigation.

18. Upon information and belief, **EQUIFAX, EXPERIAN & TRANSUNION** sent some type of notice to **AMERICAN HONDA FINANCE** using a consumer dispute verification form or automated consumer dispute verification.

19. Upon information and belief, **LITTON LOANS** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

20. Upon information and belief, **EQUIFAX, EXPERIAN & TRANSUNION** sent some type of notice to **GMAC** using a consumer dispute verification form or automated consumer dispute verification.

21. Upon information and belief, **AMERICAN HONDA FINANCE** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

22. Upon information and belief, **EQUIFAX, EXPERIAN & TRANSUNION** sent some type of notice to **LITTON LOANS** using a consumer dispute verification form or automated consumer dispute verification.

23. Upon information and belief, **GMAC** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

24. Thereafter, **EXPERIAN, & TRANSUNION** responded to Plaintiff's dispute letter, verified these fraudulent accounts.

25. **EXPERIAN & TRANSUNION** continued to report these fraudulent accounts on her retail credit report, and refused to delete said fraudulent accounts.

26. Plaintiff has been damaged as a direct and proximate cause of Defendants actions because the derogatory information reported has impaired her normal ability to obtain financial lending as it reflects incorrect, inaccurate, misleading, and/or false information.

## D. CAUSES OF ACTION

**COUNT ONE**
**VIOLATION OF THE**
**Fair Credit Reporting Act by**
**Defendants EXPERIAN & TRANSUNION**
**15 U.S.C § 1681, et seq.**

27.     Plaintiff incorporates paragraphs 1 through 26 as though fully stated herein.

28.     In the entire course of its actions Defendants **EXPERIAN & TRANSUNION** willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing, in the preparations of the consumer reports concerning Plaintiff to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing, to disclose the nature and substance of all information in its files on the plaintiff at the time of the request in violation of § 1681g(a)(1) of the FCRA.

   c. By willfully and/or negligently failing, to delete incomplete and inaccurate information on Plaintiff's file after conducting a reinvestigation, in violation of § 1681i(a) of the FCRA.

 d. By willfully and/or negligently failing, to contact the sources suggested by Plaintiff during the reinvestigation in violation of § 1681i(a) of the FCRA.

 e. By willfully and/or negligently failing, to provide subsequent users of the report with Plaintiffs statement of dispute or a summary thereof, in violation of § 1681i(c) of the FCRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants **EXPERIAN & TRANSUNION** for:

- For an award of actual damages;
- For an award of statutory damages;
- For an award of Punitive damages;
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## COUNT TWO
## VIOLATION OF THE
## Fair Credit Reporting Act
## By AMERICAN HONDA FINANCE,
## LITTON LOANS SERVICING   & GMAC
## 15 U.S.C § 1681s-(2)(b), et seq.

29.     Plaintiff incorporates paragraphs 1 through 26 as though fully stated herein.

30.     At all times pertinent hereto, these Defendants were a "person" as that term is defined by 15 U. S. C. § 1681a(b).

31.     These Defendants violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendants willfully and/or negligently violated these provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to these Defendants;

   c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

f. By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account , and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

g. By willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U. S. C. § 1681s-(2)(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against these Defendants for:

- For an award of actual damages;
- For an award of statutory damages;

- For an award of Punitive damages;

- For all inaccurate information reported by defendants to be permanently deleted from Plaintiffs credit reports and files.

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

### E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated and filed this 17th day of April of 2009.

    Respectfully submitted,
    Law Offices of
    **GHAZAL & GOMEZ, LLC.**
    **ATTN: MICHAEL GOMEZ, ESQ.**
    Attorney for Plaintiff
    1930 Tyler Street
    Hollywood, FL 33020
    Tel. 954.921.7676
    Fax. 954.925.7816

    /s/Michael Gomez
    Michael Gomez, ESQ.
    FBN: 043338

    Samira Ghazal, ESQ.
    As Co-Counsel
    FBN: 0864617

09-21109-CIV-MORENO/TORRES

Case 09-cv-21109-FAM Document Entered on FLSD Docket 04/24/2009 Page 12 of 12

FILED by TS D.C.
April 24, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Teresa Lopez

**DEFENDANTS**
Experian, Transunion, American Honda, Litton Loan, GMAC Mortgage

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael Gomez 954-921-7676
1930 Tyler St. Hollywood FL 33020

ATTORNEYS (IF KNOWN)
Miami, 09 CV 21109 Moreno/Torres

(d) CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
- Citizen of This State: PTF ☒1 / DEF ☐1 — Incorporated or Principal Place of Business In This State: ☐4/☐4
- Citizen of Another State: ☐2/☐2 — Incorporated and Principal Place of Business In Another State: ☐5/☐5
- Citizen or Subject of a Foreign Country: ☐3/☐3 — Foreign Nation: ☐6/☐6

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

[Nature of suit checkboxes — "890 Other Statutory Actions" checked under A OTHER STATUTES]

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
15 U.S.C. § 1681       FCRA

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 4/21/09
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # 999607   AMOUNT $350.00   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

04/24/09

12 of 12