UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-21109-Civ  (Moreno/Torres)

TERESA LOPEZ,

        Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, AMERICAN HONDA FINANCE CORP., LITTON LOAN SERVICING, LP, GMAC MORTGAGE, LLC.

        Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES OF EXPERIAN INFORMATION SOLUTIONS, INC.

NOW COMES Defendant Experian Information Solutions, Inc. (Experian), by its undersigned counsel, and in answer to the Complaint, states as follows:

### A.   Preliminary Statement and Jurisdiction

1. In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has brought an action against Defendants for violations of the Fair Credit Reporting Act and Federal Debt Collections Practices Act.  Experian denies that it caused plaintiff any damage by any violation the Fair Credit Reporting Act or Federal Debt Collections Practices Act.

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 1692k(d), 28 U.S.C. § 1331 and 1337.  Experian states that this is a legal conclusion which is not subject to denial or admission.

3. Experian, admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Experian further admits that it is qualified to do business and does conduct business in the State of Florida as well as various other states and counties in the United

States.  Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).  The Fair Credit Reporting Act speaks for itself.  Except as expressly admitted, Experian denies every allegation in paragraph 3.

4. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants, and, on that basis, Experian denies every allegation in paragraph 4.  To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies the allegation.

5. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants, and, on that basis, Experian denies every allegation in paragraph 5.  To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies the allegation.

6. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants, and, on that basis, Experian denies every allegation in paragraph 6.  To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies the allegation.

7. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants, and, on that basis, Experian denies every allegation in paragraph 7.  To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies the allegation.

**B.     Venue**

8. Without conceding whether or not venue is proper in this forum, Experian admits that Plaintiff's complaint alleges that venue is proper.

    a. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants.  Experian denies that it violated the Fair Credit Reporting Act or

        FDCPA. Experian is without knowledge to admit or deny where any purported violations occurred. Experian denies every remaining allegation in paragraph 8a.

    b.    Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants. Experian admits that it is qualified to do business and does conduct business in the State of Florida as well as various other states and counties in the United States. Except as expressly admitted, Experian denies every allegation in paragraph 8b.

9. Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 and, on that basis, Experian denies every allegation in paragraph 9.

10. Experian, admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and does conduct business in the State of Florida as well as various other states and counties in the United States. Except as expressly admitted, Experian denies every allegation in paragraph 10.

### C. Facts Common to All Counts

11. Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 and, on that basis, Experian denies every allegation in paragraph 11.

12. Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and, on that basis, Experian denies every allegation in paragraph 12

13. Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13, and on that basis, Experian denies every allegation in

paragraph 13.

14. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants, and, on that basis, Experian denies every allegation in paragraph 14. To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies the allegation.

15. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants, and, on that basis, Experian denies every allegation in paragraph 15. To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies the allegation.

16. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants, and, on that basis, Experian denies every allegation in paragraph 16. To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies the allegation.

17. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants, and, on that basis, Experian denies every allegation in paragraph 17. To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies the allegation.

18. Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 and, on that basis, Experian denies every allegation in paragraph 18.

19. Experian is without knowledge to admit or deny Plaintiff's allegations as to other Defendants, and, on that basis, Experian denies every allegation in paragraph 19. To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies the

allegation.

20.     Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 and, on that basis, Experian denies every allegation in paragraph 20.

21.     Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 and, on that basis, Experian denies every allegation in paragraph 21.

22.     Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 and, on that basis, Experian denies every allegation in paragraph 22.

23.     Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 and, on that basis, Experian denies every allegation in paragraph 23.

24.     Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 and, on that basis, Experian denies every allegation in paragraph 24

25.     Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 and, on that basis, Experian denies every allegation in paragraph 25

26.     Experian denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 and, on that basis, Experian denies every allegation in paragraph 26.  Experian denies it caused Plaintiff any damage.

### D. CAUSES OF ACTION

Count One
FCRA 15 USC §1681i by Defendants
Experian & Transunion

27. In response to paragraph 27, Experian incorporates its answers from paragraphs 1 through 27 as though fully stated herein.

28. In response to Paragraph 28 and each of its subparts (a) through (e), Experian denies generally and specifically, each and every allegation contained therein.

In response to Plaintiff's "Prayer for Relief," Experian denies that Plaintiff is entitled to any relief, compensatory, punitive, or otherwise, against Experian.

Count Two
Violation of the
Fair Credit Report Act by AFNI, CAVALRY PORTFOLIO & HSBC
15 U.S.C. § 16981s-2(b) et seq.

29. In response to paragraph 29, Experian incorporates its answers from paragraphs 1 through 28 as though fully stated herein.

30. In response to paragraph 30 of the Complaint, Experian does not have knowledge or information as to other Defendants sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 30 of the Complaint. To the extent that Plaintiff makes any allegation against Experian in this paragraph, Experian denies generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint and each of its subparts (a) through (g), Experian does not have knowledge or information as to other Defendants sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 31 of the Complaint. To the extent that Plaintiff makes

any allegation against Experian in this paragraph and its subparts, Experian denies generally and specifically, each and every allegation contained therein.

In response to Plaintiff's "Prayer for Relief," Experian denies that Plaintiff is entitled to any relief, compensatory, punitive, or otherwise, against Experian.

## DEFENSES

### FIRST DEFENSE

### (FAILURE TO STATE A CLAIM)

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from Experian.

### SECOND DEFENSE

### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD DEFENSE

### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH DEFENSE

### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

## SIXTH DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH DEFENSE

## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH DEFENSE

## (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## NINTH DEFENSE

## (SET-OFF/ RECOUPMENT)

Any recovery by Plaintiff is barred, in whole or in part, under the principles of set-off and recoupment for damages or settlement amounts recovered from others.

## TENTH DEFENSE

### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all or some claims for relief in the Complaint are barred by the applicable statutes of limitation, including, but not limited to, 15 U.S.C. § 1681p.

## ELEVENTH DEFENSE

### (LACHES)

The Complaint and each claim for relief therein is barred by laches.

## TWELFTH DEFENSE

### (CONSTITUTIONALITY OF PUNITIVE DAMAGES)

Plaintiff's claim for punitive damages is barred (a) by the Eighth Amendment of the United States Constitution, (b) by the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, (c) by the Fourteenth Amendment of the United States Constitution prohibiting equal protection violations, and (d) to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt and also in accordance with the protections of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution.

## THIRTEENTH DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs and attorneys' fees incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: May 18, 2009                                   Respectfully submitted,


  s/ Maria H. Ruiz
Maria H. Ruiz
Florida Bar No. 182923
Kasowitz, Benson, Torres & Friedman LLP
2 S. Biscayne Blvd, Suite 2650
Miami FL 33131
305-377-8873 (v)
305-675-2601 (f)
MRuiz@kasowitz.com (e)

Of Counsel:
Lynn M. Marvin, Esq.
JONES DAY
222 E. 41st Street
New York, NY  10017
Telephone: 212-326-3939
Facsimile: 212-755-7306
lmarvin@jonesday.com

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2009 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:    <u>s/ Maria H. Ruiz</u>
        Maria H. Ruiz